# NO. 12-23-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIVIRUS CRAFT,* *APPELLANT* | § | *APPEAL FROM THE 411TH* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *TRINITY COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

---

*MEMORANDUM OPINION*
*PER CURIAM*

Tivirus Craft appeals from a judgment dated April 13, 2022. In January 2023, the Trinity County District Clerk's Office responded to communications from Appellant and enclosed documents he apparently requested. On May 5, 2023, the Trinity County District Clerk sent a letter to this Court, stating in pertinent part as follows:

> The trial of this matter took place in April 2022, this was before I took office. It has recently come to our attention that this matter was never sent to your court and that appellant's attorney, Mike Aduddell, was not given notice of his assignment. This office has since let him know of said assignment and he advised us to begin the filing process.

The District Clerk's Office subsequently informed the Clerk of this Court that no notice of appeal has been filed. The trial court's docketing statement reflects that appellate counsel was appointed on April 13, 2022 and contains the following entry: "▲'s [defendant's] notice of appeal." The clerk's record has been filed with this Court and does not contain a notice of appeal or any other document that could be construed as a notice of appeal.

In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in

open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

On June 12, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before June 22 to show this Court's jurisdiction. On June 21, Appellant filed with this Court a motion for leave to file an out of time motion for new trial and out of time appeal. He explained that appellate counsel never received proper notice of his appointment and it appears that no notice of appeal was ever filed.

However, "appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When an appellate court's jurisdiction has not been invoked with a timely notice of appeal, it may not use rule 2 to suspend the rules so as to bootstrap itself into having jurisdiction." **Sloan v. State**, No. 05-18-00259-CR, 2018 WL 2252424, at *2 (Tex. App.—Dallas May 17, 2018, no pet.) (mem. op., not designated for publication); *see* TEX. R. APP. P. 2 (suspension of rules). Rather, an appellant must seek an out of time appeal, which this Court lacks authority to grant. *See* **Hernandez v. State**, No. 05-19-01265-CR, 2019 WL 5541264, at *1 (Tex. App.—Dallas Oct. 28, 2019, no pet.) (mem. op., not designated for publication) ("To the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum"); *see also* **Pete v. State**, No. 05-18-00573-CR, 2018 WL 3062507, at *1 (Tex. App.—Dallas June 21, 2018, no pet.) (mem. op., not designated for publication) (intermediate appellate court may obtain jurisdiction after deadlines passed "only if the Texas Court of Criminal Appeals grants the defendant the ability to pursue an out-of-time appeal"); **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for

publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (Texas Court of Criminal Appeals, District Courts, County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus); *see also Ex parte Toran*, No. WR-88,006-01, 2018 WL 1101238, at *1 (Tex. Crim. App. Feb. 28, 2018) (per curiam) (op., not designated for publication) (granting out of time appeal where trial counsel attempted to e-file notice of appeal, but notice was not received or filed and trial court recommended granting out-of-time appeal based on breakdown in the system).

Accordingly, because Appellant did not timely file a notice of appeal or a motion for extension with this Court within the time prescribed by Rule 26.3, we *overrule* his motion  for leave to file an out of time motion for new trial and out of time appeal and *dismiss* Appellant's appeal for *want of jurisdiction*. *See Olivo*, 918 S.W.2d at 522*; see Sloan*, 2018 WL 2252424, at *1-2 (dismissing for want of jurisdiction given technical issue with efiling system, noting that remedy is to seek out of time appeal); *see also Varela v. State*, No. 13-10-00521-CR, 2010 WL 4657948, at *1 (Tex. App.—Corpus Christi Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction where counsel argued that he efiled notice of appeal but was unaware county did not accept efilings and noting that appellant may be entitled to out of time appeal); TEX. R. APP. P. 43.2(f).

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 30, 2023

### NO. 12-23-00114-CR

**TIVIRUS CRAFT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 11084)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*